FEBRUARY 17, 1944

**No. 49218.**—SUIT 4426.— ▇▇▇▇▇▇▇▇▇ —*United States* v. *Graham & Zenger, Inc.*, Reap. Dec. 5751 affirmed.  C. A. D. 262.

BEFORE THE FIRST DIVISION, FEBRUARY 25, 1944

**No. 49219.**—Petition 6359–R of Miller Bros. Hat Co., Inc. (New York).

Opinion by WALKER, J.  It appeared that the hats in question were a part of merchandise included in a previous season contract and were invoiced at the previous season price which, in the meantime, had advanced.  From the record the court was satisfied that there was no intention of defrauding the revenue of the United States, concealing or misrepresenting the facts, or deceiving the appraiser as to the value of the merchandise.  The petition was therefore granted.

BEFORE THE THIRD DIVISION, FEBRUARY 25, 1944

**No. 49220.**—Protest 100636–K of V. Sabella & Co., Inc. (New York).

Opinion by CLINE, J.  It was stipulated that the merchandise consists of origan the same in all material respects as that in *United States* v. *Strohmeyer* (T. D. 49242).  The claim for free entry was therefore sustained as to this item.

**No. 49221.**—Protests 6390–K, etc., of E. Leitz, Inc. (New York).

Opinion by CLINE, J.  It appeared from an oral stipulation entered into at the trial that the merchandise consists of sheets of paper each containing eight pictures, four on each side; that each sheet had printed thereon the words "printed in Germany" when imported and that the collector required these words be placed under each picture; that at the time of importation the wooden cases were properly marked but that the immediate containers of the sheets were not so marked; and that the sheets in question were imported for use as illustrations in magazines printed by and for the account of the importer.  Several exhibits were received in evidence.  Counsel for defendant cited abstract of decision of the Commissioner of Customs in T. D. 49082 (4), amending T. D. 48744 (9), and plaintiff cited T. D. 49299 (3), but the court was of the opinion that the abstract decisions are not regulations because they do not bear the approval of the Secretary of the Treasury, citing *Mitsui* v. *United States* (T. D. 49357) and T. D. 49047 (I.) (1) (b).  It was found that each sheet bore a marking sufficient to indicate the name of the country of origin.  It was therefore held that the merchandise was legally marked and not subject to the additional duty.  *Kraft Phenix Cheese Corp.* v. *United States* (22 C. C. P. A. 111, T. D. 47103) and *United States* v. *Gibson-Thomsen Co., Inc.* (27 id. 267, C. A. D. 98) cited.